

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 11, 1965

Honorable Don Hall
District Attorney
McLennan County
Waco, Texas

Opinion No. C-453

Re: Whether a county can par-
ticipate in the cost of
operating a zoo upon prop-
erty which is jointly owned
by the city or county and
related questions.

Dear Mr. Hall:

Your letters requesting an opinion of this office read
in part as follows:

"The citizens of the City of Waco in a
recent referendum indicated by a substantial
majority that they desired for the City to
support a zoo, which has previously been op-
erating on privately donated funds. The
privately donated funds had ceased to be
adequate to support the zoo, and therefore,
the City has partially supported the zoo for
a limited period of time. The zoo is located
on property wholly and solely owned by the
City of Waco. Certain persons interested in
the sustenance and operation of the zoo have
contacted the McLennan County Commissioners
Court relative to financial assistance to the
City of Waco and private donors in operating
the zoo. I would greatly appreciate your
opinion as to the following propositions:

"(1) Can a County participate in the cost
of operating a zoo which is located upon property
owned solely and wholly by the city?

"(2) Can a County participate in the cost
of operating a zoo upon property which is jointly
owned by the City and the County?

"(3) Can a County participate in the cost
of operating a zoo which is located upon property
owned solely and wholly by the county?

-2148-

"(4) Can a County participate in the cost of operating a zoo which is located on City property but partially supported by private funds as well as City funds?

"(5) If a special tax is voted according to the provisions of Article 6078, V.A.C.S., which provides for County parks and recreation centers, can a zoo be operated with public funds obtained as a result of said election?

"(6) If it is determined by the Attorney General's office that the County can not participate in the sustenance and operation of a zoo under the foregoing propositions, and factual situation, are there any other methods whereby the County funds may be used for the purpose of supporting a zoo?

"(7) Does that part of Article 6078, V.A.C.S., which reads as follows: 'Such park shall remain open for the free use of the public, under such reasonable rules and regulations as said Court may prescribe,' mean that no fee can be charged for the use of said park or intricate parts thereof; or does it mean free access to the park, subject to such reasonable rules and regulations as the Commissioner's Court prescribe? Can the County or City-County lease concessions?

"(8) If an election is had pursuant to Article 6078, V.A.C.S., and said election is favorable to the establishment of a County park, can a zoo be maintained and operated out of the funds derived from said special tax? If so, would money acquired through this special tax, provided for in Article 6078, V.A.C.S. have any restrictions as to the type structures that can be placed in said park similar to those restrictions provided for in Article 2351, V.A.C.S., and commented upon in your opinion #2594?

"(9) Would any building in said County park be considered 'a public building,' as contemplated in Section 7, Article 2351, V.A.C.S. wherein the County is required to 'provide and keep in repair. . .' 'public buildings'?"

A county may participate in operating a zoo upon property owned solely by the County and designated as a county

park within the provisions of Article 6078, Vernon's Civil Statutes.  Article 6078 provides in part:

> ". . .Said court shall have full power and control over any and all such parks and build and construct pavilions and such other buildings as they may deem necessary, . . .and make such other improvements as they may deem proper.  . . ."

The land so used and solely owned by the County must be designated as a County park open for the free use of the public. Discretionary power to construct and maintain necessary buildings and improvements for County parks is granted to the Commissioners Court by Article 6078.  It is our opinion that a zoo may be operated in a County park if such buildings and improvements are deemed necessary and proper by the Commissioners Court.

Also, a county may participate in operating a zoo upon property which is jointly owned by the City and County for park purposes.  Sections 1 and 3 of Article 6081e, read in part as follows:

> "Sec. 1.  That any county or any incorporated city of this State, either independently or in cooperation with each other, or with the Texas State Parks Board, may acquire by gift or purchase or by condemnation proceedings, lands to be used for public parks and playgrounds, such lands to be situated in any locality in this State and in any sized tracts deemed suitable by the governing body of the city or county, acquiring same; provided, however, that lands to be acquired by any such city or county for said purposes may be, in the discretion of the governing body thereof, situated within the State, either within or without the boundary limits of such city, but within the boundary limits of said county and within the limits of said county wherein said city lies or is situated."

> "Sec. 3.  All parks acquired by authority of this Act shall be under the control and management of the city or county acquiring same or by the city and county jointly, where they have acted jointly in acquiring same, . . .the expense of the improvement and the operation of such park to be paid by the county and/or city, according to the agreement to be made between such municipalities.  . . ."

Section 1 of Article 6081e authorizes any county or incorporated city in this State, either independently or in

cooperation with each other to acquire land for use as parks and playgrounds. Section 3 of said Article authorizes counties and cities independently or jointly, to manage or control all parks acquired by authority of Article 6081e. It is our opinion that construction of a zoo is a permanent improvement of a park under Article 6081e and Article 6078 which may only be paid for by a county with money out of its permanent improvement fund and that the operating expenses thereof may only be paid with money out of its general fund. Atty. Gen. Opinion V-628, Atty. Gen. Opinion V-284. Of course, a special election may be conducted under Article 6078 and Article 6081e to isolate specific tax money for parks and improvements of those parks.

It is our opinion that your questions one and four must be answered in the negative. Article 6078 authorizes counties to acquire and maintain parks solely as county parks. Article 6081e allows counties and cities, independently or jointly, to acquire and maintain parks. Section 3 quoted above requires all parks to be controlled and maintained by the county or city or city/county acquiring same. Land may not be acquired by city funds or private funds with authorization of a county to maintain or control said land for park purposes through operation of a zoo.

Section 1 of Article 6078, Vernon's Civil Statutes, provides:

"Each Commissioners Court is authorized to levy and collect a tax not to exceed five (5) cents on each one hundred dollars assessed valuation of the county for the purchase and improvement of lands for use as county parks. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property taxpaying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. If said court desires to establish two or more of such county parks, they shall locate them in widely separated portions of the county. Said court shall have full power and control over any and all such parks and may levy and collect an annual tax sufficient in their judgment to properly maintain such parks and build and construct pavilions and such other buildings as they may deem necessary, lay out and open driveways and walks, pave the same or any part thereof, set out trees and shrubbery, construct ditches or lakes, and make

such other improvements as they may deem proper.
Such parks shall remain open for the free use of
the public under such reasonable rules and regula-
tions as said court may prescribe."

Provisions of Article 6078 clearly state a method to
be followed by counties in establishing county parks by special
election to assess property owners of the County. When a County
park has been established, the Commissioner's Court is granted
full power and control over tax revenue for maintenance and con-
struction of pavilions and such other buildings as they may deem
necessary and to make such other improvements as they may deem
proper. It is our opinion that a zoo may be constructed and op-
erated as an improvement by the county on lands purchased or ac-
quired for parks purposes by special election assessing property
taxpayers. Atty. Gen. Opinion O-905 allowing construction of a
baseball park and facility.

It is our opinion that the word "free" as used in
Section 1 of Article 6078, means merely that a county park es-
tablished under the provision of said Article is to be a place
of free resort in the sense that it is not a private park but
is to be open to the public generally. Establishment of a
reasonable admission fee would constitute a reasonable rule or
regulation by the Commissioner's Court as allowed within Section
1 of Article 6078.

Article 6079 in clear and unambiguous language, au-
thorizes concessions in county parks. Article 6079 provides:

"No person, firm or association of persons
shall have the right to offer for sale or barter,
exhibit anything or conduct any place of amuse-
ment where a fee is charged within said parks
without first obtaining the consent of the com-
missioners court or its duly authorized agent,
paying for such privilege or concession the sum
agreed upon with said court or its duly authorized
agent. All revenue from the sale of such privileges
or concessions shall go into a fund for the mainten-
ance of said parks."

Section 4 of Article 6081e also authorizes concessions
in parks acquired under Article 6081e and provides:

"Sec. 4. The management in charge of any
park created by authority of this Act shall have
the right to sell and lease concessions for the
establishment and operation of such amusements,

stores, filling stations and all such other con-
cerns as are consistent with the operation of a
public park, the proceeds of such sales and rentals
to be used for the improvement and operation of
the park."

The clear and unambiguous language of Section 1 of
Article 6078, sets forth the powers of the Commissioners Court
with respect to buildings and improvements constructed on county
park lands. Section 1 of Article 6078 provides in part:

". . .Said court shall have full power and
control over any and all such parks and may levy
and collect an annual tax sufficient in their
judgment to maintain such parks and build and
construct pavilions and such other buildings as
they may deem necessary. . . .and make such
other improvements as they may deem proper."

Section 1, Article 6078, allows the Commissioners
Court discretion as to types of buildings which may be deemed
necessary within the county park. Review of such discretion
should be made on a case by case basis and rules will not be
prematurely set forth by this office regarding areas of dis-
cretion statutorily conferred upon the Commissioners Court.

County park buildings constructed within the discretion
of the Commissioners Court are not public buildings as authorized
by the provisions of Article 2351, Vernon's Civil Statutes, unless
such buildings are constructed within the certain powers specified
by Article 2351. The term "public buildings" means a building
used primarily for public or governmental purposes, or to house
public or governmental agencies. Dancy v. Davidson, 183 S.W.2d
195 (Tex.Civ.App. 1944, error ref.). Powers delegated to the
Commissioners Court to maintain and repair county park buildings
originate from Section 1 of Article 6078 and Article 6081e.
Maintenance of public buildings originate from the certain powers
specified in Article 2351.

## S U M M A R Y

A county may participate in operating a zoo
located upon lands used for public park purposes
owned by a county or acquired jointly by a city
and county within Article 6078 and Article 6081e,
Vernon's Civil Statutes. A zoo may be operated
by a county upon property purchased with revenue

from a special election within the provisions of Article 6078, Vernon's Civil Statutes. A zoo may be operated upon land acquired with bond and tax funds levied under Article 6081e by a county independently or jointly with a city.

Very truly yours,

WAGGONER CARR
Attorney General

By:
Gordon Houser
Assistant

GH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
David Longoria
Douglas Chilton
John Pettit
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright